# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**GOODWILL INDUSTRIES OF KYOWVA AREA, INC.,**
**Employer Below, Petitioner**

**FILED**
**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 26-ICA-55**          (JCN: 2026003404)

**LARRY STOWELL,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Goodwill Industries of KYOWVA Area, Inc., ("Goodwill") appeals the January 30, 2026, order of the Workers' Compensation Board of Review ("Board"). Larry Stowell did not respond.[1] The issue on appeal is whether the Board erred in reversing the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

On July 1, 2025, Mr. Stowell presented to the emergency room at Cabell Huntington Hospital with complaints of left elbow pain, right arm pain, and a possible head injury after blacking out and falling at work. Mr. Stowell reported that he woke up feeling slightly foggy and dizzy that morning, but he went to work. He stated that he was sweeping the floor when he had a syncopal event and fell into a clothing rack. Mr. Stowell indicated that he woke up spontaneously, and there was no seizure activity. Mr. Stowell denied any chest pain or palpitations before, during, or after the episode. Following the incident, Mr. Stowell stated that he felt slightly groggy and developed pain in his left elbow and right arm. Mr. Stowell stated that he was uncertain if he hit his head, but he had a slight headache after the fall.

Mr. Stowell submitted an Employees' and Physicians' Report of Occupational Injury or Disease alleging that he sustained an occupational injury to his head on July 1,

---

[1] Goodwill is represented by James W. Heslep, Esq., and Steven K. Wellman, Esq. Mr. Stowell did not appear.

1

2025, while employed at Goodwill as a retail clerk. Mr. Stowell indicated that he was sweeping the floor at work when he became dizzy and passed out, striking his head on a clothing rack. The physician's section of the claim application was completed by Lee Van Horn, M.D., at Cabell Huntington Hospital on July 1, 2025. Dr. Van Horn indicated that Mr. Stowell sustained an occupational injury to his left elbow and right arm.

On August 27, 2025, the claim administrator issued an order rejecting the claim based on a finding that Mr. Stowell did not sustain an injury in the course of and resulting from his employment. Mr. Stowell protested this order.

The Board indicated that Mr. Stowell submitted a closing argument dated September 6, 2025.[2] In his closing argument, Mr. Stowell alleged that he was sweeping the floor at the Goodwill store on July 1, 2025, when he passed out and fell due to the excessive heat in the store because the air conditioner was not working properly. Mr. Stowell stated that he fell into a clothing rack, hitting his head, and injuring his left elbow and right arm. Mr. Stowell further alleged that the district manager and the store manager both instructed him not to call an ambulance after he fell. Mr. Stowell indicated that he was taken to the ER by a friend, where he was evaluated and treated by Dr. Van Horn, who found that he had suffered a syncopal event due to extreme heat.

Goodwill store manager Mary Thayer completed an affidavit dated December 10, 2025. Ms. Thayer stated that Mr. Stowell fell in the store around 9:30 a.m. on July 1, 2025. Ms. Thayer alleged that she asked Mr. Stowell what happened and he reported that he got dizzy and fell to the floor. Ms. Thayer further alleged that Mr. Stowell initially reported that he was able to return to work, and he worked until later in the day. Ms. Thayer did not recall Mr. Stowell requesting an ambulance; however, she stated that if he had requested an ambulance, one would have been called for him. Ms. Thayer stated that she later learned that Mr. Stowell reported that the Goodwill store was excessively hot, which caused him to fall. Ms. Thayer noted that Mr. Stowell's fall occurred in the early morning hours, and she alleged that there were no other reports of excessive heat in the store on July 1, 2025.

On January 30, 2026, the Board reversed the claim administrator's order, which rejected the claim. The Board found that Mr. Stowell has shown, by a preponderance of evidence, that he sustained a personal injury in the course of and resulting from his employment. Goodwill now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

---

[2] Mr. Stowell's closing argument was not included in Goodwill's appendix, however, the Board references it throughout the order.

2

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Goodwill argues that it is not confirmed that Mr. Stowell suffered a personal injury. Further, Goodwill argues that any injury suffered by Mr. Stowell did not result from his employment. We disagree.

Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698, syl. pt 1 (1970); *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63, syl. pt. 1 (1986).

Here, the Board found that Mr. Stowell's statement that he passed out and was injured when he became overheated due to a malfunctioning air conditioner is unrefuted. The Board noted Goodwill's arguments that Mr. Stowell's injury occurred early in the day and that it could recall no other complaints of excessive heat in the store on the date of the incident. However, the Board found that there is no evidence to refute Mr. Stowell's statement that the store's air conditioning was not working properly on the day of the incident, and the fact that no one else complained about the heat does not refute his statement that he became overheated and passed out. Further, the Board noted that Dr. Van Horn clearly diagnosed Mr. Stowell's injury as occupational in nature, and it found that there is no medical evidence of record to refute Dr. Van Horn's finding on that point.

The Board relied on *Bob Evans Farms, Inc. v. Woolford*, No. 21-0509, 2023 WL 318430 (W. Va. Jan. 19, 2023) (memorandum decision). The facts of *Bob Evans* are strikingly similar to the case at bar. Ms. Woolford fell while walking to a breakroom during

an early May morning in 2019. Ms. Woolford alleged she became overheated due to a malfunctioning air conditioner which resulted in her becoming dizzy and falling. The Supreme Court of Appeals of West Virginia ("SCAWV") agreed with the Board of Review that there was no evidence disputing Ms. Woolford's claim that the workplace was hot, and therefore, Ms. Woolford met her burden that she sustained an injury in the course of and as a result of employment. In this case, the Board found that the weight of the medical and documentary evidence establishes that Mr. Stowell sustained a compensable personal injury due to falling from excessive heat. The Board noted also that no compensable conditions were identified and remanded the claim to the claim administrator for a determination of the compensable condition(s) and temporary total disability benefits.

Goodwill relies on *Hood v. Lincare Holdings, Inc*., 249 W. Va. 108, 894 S.E.2d 890 (2023), where the SCAWV held: "In the context of workers' compensation law, there are four types of injury-causing risks commonly faced by an employee at work: (1) risks directly associated with employment; (2) risks personal to the claimant; (3) mixed risks; and (4) neutral risks." *Id.* at 110, 894 S.E.2d at 892, syl. pt. 4. The Court further outlined an increased-risk assessment to apply when an activity falls into the category of a neutral risk. *Id.* at 110, 894 S.E.2d at 892, syl. pt. 5. Goodwill argues that this assessment should be applied to the instant case. While the Board did not address any arguments related to *Hood*, it found Mr. Stowell's account of the fall and its causes unrefuted. Further, the Court in *Hood* distinguishes slip, trip, and fall cases, such as this, from those arising from neutral risk activities that warrant application of the risk assessment outlined. Thus, we find no merit in Goodwill's arguments related to *Hood*.

To the extent that Goodwill argues that the Board erred in holding the claim compensable without clear diagnosis, we find no error. SCAWV has previously upheld a Board's order holding a claim compensable and remanding the matter for the purpose of ascertaining the appropriate compensable condition. *See Constellium Rolled Products v. Myers*, No. 20-0281, 2021 WL 2580719, at *3 (W. Va. June 23, 2021) (memorandum decision) (finding that the Board correctly remanded the matter for a determination of the compensable condition(s) in the claim after the claimant showed by a preponderance of the evidence that he sustained an occupational injury). Accordingly, we find no merit in Goodwill's argument in this regard.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Stowell established that he sustained a personal injury in the course of and resulting from his employment. Further, we conclude that the Board is not clearly wrong in remanding the claim to the claim administrator for a determination of the compensable conditions. As the SCAWV has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of

4

review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order, which rejected the claim.

Accordingly, we affirm the Board's January 30, 2026, order.

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White